UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MEGAN MCKAY,

                Plaintiff,

v.

COUNTY OF ERIE, ERIE COUNTY STADIUM CORPORATION, and BUFFALO BILLS, LLC,

                Defendants.

**ANSWER**

Civil No: 1:24-cv-00533-LJV

---

Defendants, County of Erie ("Erie County"), Erie County Stadium Corporation, and Buffalo Bills, LLC ("Buffalo Bills") (collectively "Defendants"), by their attorneys, Goldberg Segalla LLP, respond to Plaintiff's Verified Complaint as follows:

1. Defendants deny having knowledge or information to form a belief as to the allegations contained in paragraph 1 of the Verified Complaint.

2. Defendants deny having knowledge or information to form a belief as to the allegations contained in paragraph 2 of the Verified Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Verified Complaint.

4. Defendants deny having knowledge or information to form a belief as to the allegations contained in paragraph 4 of the Verified Complaint.

5. In response to paragraph 5 of the Verified Complaint, Defendants admit that Erie County Stadium Corporation is a domestic business corporation, and denies having knowledge or information to form a belief as to the remaining allegations contained in paragraph 5 of the Verified Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Verified

7. Defendants deny the allegations contained in paragraph 7 of the Verified Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Verified Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Verified Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Verified Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Verified Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Verified Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Verified Complaint.

14. Paragraph 14 of the Verified Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 14 of the Verified Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Verified Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Verified Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Verified

40684001.v1

Complaint.

18. Paragraph 18 of the Verified Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 18 of the Verified Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Verified Complaint.

20. In response to paragraph 20 of the Verified Complaint, Defendants admit that the Buffalo Bills operated the stadium located at One Bills Drive, Orchard Park, New York 14127, and deny having knowledge or information to form a belief as to the remaining allegations contained in paragraph 20 of the Verified Complaint.

21. In response to paragraph 21 of the Verified Complaint, Defendants admit that the Buffalo Bills operated the stadium located at One Bills Drive, Orchard Park, New York 14127, and deny having knowledge or information to form a belief as to any remaining allegations contained in paragraph 21 of the Verified Complaint.

22. Paragraph 22 of the Verified Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 22 of the Verified Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Verified Complaint.

24. Defendants deny having knowledge or information to form a belief as to the allegations contained in paragraph 24 of the Verified Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Verified Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Verified Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Verified Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Verified Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Verified Complaint.

30. Defendants deny each and every other allegation of the Verified Complaint not previously admitted, denied, or otherwise controverted.

### AS AND FOR A FIRST SEPARATE AND COMPLETE DEFENSE, DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:

31. The injuries and/or damages alleged in the Verified Complaint were caused in whole or in part by plaintiff's culpable conduct.

### AS AND FOR A SECOND SEPARATE AND COMPLETE DEFENSE, DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:

32. If Defendants are found liable to the Plaintiff, their responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the plaintiff for non-economic loss against Defendants should be limited to their percentage of liability.

### AS AND FOR A THIRD SEPARATE AND COMPLETE DEFENSE, DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:

33. The Verified Complaint fails to state a cause of action against Defendants.

40684001.v1

### AS AND FOR A FOURTH SEPARATE AND COMPLETE DEFENSE, DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:

34.     Plaintiff's injuries, if any, were caused in whole or in part by a person or persons who are not within Defendants' control.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE DEFENSE, DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:

35.     Under CPLR §4545 and other applicable sections of the CPLR, Defendants are entitled to a set off of collateral source payments.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE DEFENSE, DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:

36.     Plaintiff failed to mitigate her alleged damages.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE DEFENSE, DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:

37.     The incident and alleged resulting injuries were not proximately caused by any action or inaction of Defendants.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE DEFENSE, DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:

38.     Plaintiff assumed the risk of the incident and any resulting injuries.

### AS AND FOR A NINTH SEPARATE AND COMPLETE DEFENSE, DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:

39.     Defendants are entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York.

### AS AND FOR A TENTH SEPARATE AND COMPLETE DEFENSE, DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:

40.     Plaintiff's conduct was the sole proximate cause of the alleged incident.

**AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE DEFENSE, DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:**

41. Any risks and dangers at the time, place, and location set forth in the Verified Complaint were open, obvious, and apparent.

**AS AND FOR A TWELFTH SEPARATE AND COMPLETE DEFENSE, DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

42. Any alleged injuries and/or expenses resulted from the pre-existing and/or unrelated medical conditions, injuries, or illnesses of the plaintiff.

**AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE DEFENSE, DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

43. Defendants did not receive requisite notice of any alleged dangerous, defective, or hazardous conditions set forth in plaintiff's Verified Complaint.

**AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE DEFENSE, DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

44. The storm in progress doctrine bars plaintiff's claims.

**AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE DEFENSE, DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

45. Defendants reserve the right to assert additional affirmative defenses.

**WHEREFORE**, Defendants demand judgment as follows:

a) Dismissing the Verified Complaint; or

b) Reducing plaintiff's recovery in the proportion to which the plaintiff's culpable conduct caused the alleged damages;

c) Limiting plaintiffs' recovery for non-economic loss against Defendants to the percentage of responsibility attributed to Defendants, if that percentage is less than 51%; and

d) Such other and further relief as to this Court may deem just, proper, and equitable together with the costs and disbursements of this action.

Dated: Buffalo, New York
June 10, 2024

                                         GOLDBERG SEGALLA LLP

                                         *s/s Kenneth L. Bostick, Jr.*
                                         Kenneth L. Bostick, Jr., Esq.
                                         *Attorneys for Defendants*
                                         665 Main Street
                                         Buffalo, New York 14203
                                         (716) 566-5400
                                         kbostick@goldbergsegalla.com

TO: Moses Ahn, Esq.
      MORGAN & MORGAN NY PLLC
      *Attorneys for Plaintiff*
      199 Water Street, Suite1500
      New York, New York 10038
      (201) 209-3425
      mahn@forthepeople.com